UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY MAE BOOTH,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>GONZALO P. CURIEL, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 21-cv-00469-BAS-RBB<br><br>**ORDER GRANTING THE UNOPPOSED MOTION TO DISMISS BY DEFENDANTS MARK D. FEINBERG, JEAN M. HEINZ, HEINZ & FEINBERG ATTORNEYS AT LAW (ECF No. 3)** |

On March 17, 2021, Plaintiff Tammy Mae Booth filed this action against Defendants Mark D. Feinberg, Jean M. Heinz, Heinz & Feinberg Attorneys at Law ("H&F Defendants"), and United States District Judge Gonzalo P. Curiel. (ECF No. 1.) On April 7, 2021, the H&F Defendants moved to dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, noticing May 17, 2021, as the hearing date. (ECF No. 3.) Plaintiff's deadline to file the opposition was May 3, 2021. Civ. L.R. 7.1(e). No opposition was filed.

Civil Local Rule 7.1(e)(2) provides that a party opposing a motion must file either an opposition or a statement of non-opposition no later than fourteen calendar days prior

to the noticed hearing date. If a party fails to comply with this rule, "that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Civ. L.R. 7.1(f)(3)(c).  The Ninth Circuit has held that a district court may properly grant a motion to dismiss for failure to respond pursuant to the court's local rules. *See Ghazali v. Moran*, 46 F.3d 52, 52 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond).  Furthermore, even though federal courts will construe pleadings liberally in their favor, "pro se litigants are bound by the rules of procedure." *Ghazali*, 46 F.3d at 54 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)).

Here, the record does not indicate that Plaintiff lacks notice of the H&F Defendants' motion to dismiss.  More than two weeks have passed after Plaintiff's deadline to respond, yet Plaintiff has not responded to the motion.  Because Plaintiff was made aware of the motion and had ample time to respond to it, the Court deems Plaintiff's failure to oppose Defendant's motion as consent to granting it.  Civ. L.R. 7.1(f)(3)(c).  The Court's own review of the record supports dismissing Plaintiff's Complaint.  Accordingly, the Court **GRANTS** H&F Defendants' Motion to Dismiss (ECF No. 3) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint as to the H&F Defendants.

IT IS SO ORDERED.

**DATED: May 17, 2021**

Hon. Cynthia Bashant
United States District Judge