UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY MAE BOOTH,<br><br>                    Plaintiff,<br><br>    v.<br><br>GONZALO P. CURIEL, *et al.*,<br><br>                    Defendants. | Case No. 21-cv-00469-BAS-RBB<br><br>**ORDER DISMISSING PLAINTIFF'S ACTION FOR FAILURE TO SHOW CAUSE** |

The Court incorporates the background section from the Court's Order to Show Cause ("OSC"). (ECF No. 6 at 1:23–2:16.) In a nutshell, Plaintiff Tammy Mae Booth filed this action against Defendants Mark D. Feinberg, Jean M. Heinz, Heinz & Feinberg Attorneys at Law ("H&F Defendants"), and Judge Curiel. (ECF No. 1.)[1] Booth argues Judge Curiel erred by striking a default that had been entered in her favor in the related miscellaneous action, *Booth v. Kane et al.*, 3:20-mc-00981, and dismissing her Complaint in the converted civil action, *Booth v. Kane et al.*, 3:20-cv-02543-GPC-KSC. Booth argues that Judge Curiel is in violation of the Administrative Procedure Act, Foreign Agents Registration Act, and a swath of criminal statutes. Although it is unclear what relief

---

[1] The Court dismissed without prejudice Booth's claims against the H&F Defendants by granting the H&F Defendants' unopposed motion to dismiss. (Order, ECF No. 5.) Booth's claims against the H&F Defendants are not relevant to this Order.

- 1 -

Plaintiff seeks, she appears to argue that the default in the miscellaneous action, *Booth v. Kane et al.*, 3:20-mc-00981, should be reinstated.

Finding that Plaintiff's Complaint did not state a plausible cause of action against Judge Curiel, the Court ordered Plaintiff to show cause as to why her claims against Judge Curiel should not be dismissed under Federal Rule of Civil Procedure 12(b)(6). (OSC, ECF No. 6.) In an apparent response to the OSC, Plaintiff filed a twelve-page document entitled "Objection to the Judges Order [sic] Judge Curiel for Violation of the Administrative Procedures Act of 1946, Obstruction of the Administration of Justice, and Violation of Constitutional Right Under Color of Law" (hereinafter "Plaintiff's Objection") (ECF No. 10) and a four-page document entitled "Affidavit of Tammy Mae Booth" (ECF No. 13).

Whether Plaintiff has shown cause to avoid dismissal of the claims against Judge Curiel is a question suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).

## II.  LEGAL STANDARD

A trial court may *sua sponte* dismiss a complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure as long as the court gives the plaintiff notice and an opportunity to oppose. *Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and draw all reasonable inferences from them in favor of the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Although the court accepts plaintiff's factual allegations as true, it is not proper for the court to assume that "the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . law[] in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Conclusory allegations unsupported by any specific facts are not sufficient to defeat a motion to dismiss. *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987).

## III.   ANALYSIS

As explained in the OSC, this Court lacks authority to reverse Judge Curiel's factual finding that the default in the miscellaneous action was made in error. *See Silving v. Wells Fargo Bank, NA*, 800 F. Supp. 2d 1055, 1061 n.4 (D. Ariz. 2011). If Plaintiff's position is that Judge Curiel relied on an erroneous view of the law, her request for review must be brought as a motion for reconsideration in the underlying action, and if denied, appealed to the court of appeals, rather than as a separate civil action against Judge Curiel. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981) ("A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action."). Plaintiff's Objection does not establish otherwise, and neither does her Affidavit.

Plaintiff also fails to establish that Judge Curiel is not absolutely immune from her action for damages. Judge Curiel's challenged act—issuing rulings against Plaintiff—was performed in his official capacity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges . . . are absolutely immune from damage liability for acts performed in their official capacities." (omitting citations)); *accord Mireles v. Waco*, 502 U.S. 9, 9 (1991).

Finally, even if the Court were to overlook these legal deficiencies, Plaintiff relies on fanciful and conclusory allegations that do not supply the elements of her purported causes of action. For example, Plaintiff appears to allege that Judge Curiel is both an unregistered foreign agent and a member of a "secret society." (Compl. at 4, ECF No. 1; Pl.'s Obj. at ¶ 10.1, ECF No. 10.)

In sum, Plaintiff's Complaint fails to provide adequate notice as required under Rule 8, much less state a plausible claim for relief required to avoid a dismissal under Rule 12(b)(6). Plaintiff has not stated a plausible claim against Judge Curiel.

### III.   CONCLUSION

Plaintiff has not shown cause as to why this case should not be dismissed under Rule 12(b)(6). Therefore, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims against District Judge Gonzalo P. Curiel. The Clerk of the Court is instructed to close this action.

**IT IS SO ORDERED.**

**DATED: August 3, 2021**

Hon. Cynthia Bashant
United States District Judge